N. P. Severin, Defendant in Error, v. Pauline Conway,
Plaintiff in Error.

Gen. No. 17,193.

1. JUDGMENT—*court may enter, on part of claim admitted, and
refer issue on balance to jury.* Where the defendant admits part
of the indebtedness, under a contract, sued on by the plaintiff,
and claims the right to recoup as to the other part, the court has
power under Practice Act 1907, § 55 and Rule 17 of the Municipal
Court to render judgment for the amount so admitted and sub-
mit the issue as to the balance to the jury.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N.
GEMMILL, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1911. Affirmed. Opinion filed October 1, 1912.

CHARLES A. WARD, for plaintiff in error; F. L. BAR-
NETT, of counsel.

OSCAR D. OLSON, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of
the court.

This case is before us on a writ of error to the Mu-
nicipal Court of Chicago, to reverse a judgment
against plaintiff in error, Pauline Conway, for $377.75
on admission by her affidavit of merits, and also a
judgment on a verdict by the jury, assessing damages
at $211.50.

It appears that Mrs. Conway employed defendant
in error, N. P. Severin, a contractor, to raise and re-

model a building at 2956 Dearborn street, Chicago; the work to be done according to plans and specifications for the sum of $1,500, and to be completed at a certain date. Mrs. Conway paid Severin $1,000, but refused to pay the balance, claiming that she wished to recoup herself for losses which she alleged she sustained on account of the manner in which the work was done, setting up in her affidavit of merits that she had lost three months' rent amounting to $120 because the work was not finished at the time agreed upon; that she had a certain partition built by another party at a cost of $92, which work was included in the specifications and should have been done by Severin; and also that $6 were due for removing rubbish which had been left by the contractor.

On the trial, the court below found that plaintiff in error admitted she was indebted on the contract in the sum of $377.75 and rendered judgment for this amount. The amount of the balance due was then submitted to a jury who found in favor of defendant in error, and judgment was rendered against plaintiff in error for $211.50.

Plaintiff in error insists that the judgment of the Municipal Court should be reversed because the court was without jurisdiction to render the first judgment for $377.75; and that the court erred in dividing the claim by adjudicating one part and referring the other to a jury; that the verdict, which ignored the damages suffered by plaintiff in error, was against the weight of the evidence.

Under the situation shown by the record in this case, we are of the opinion that the two judgments were authorized as a matter of practice by Section 55 of the Practice Act of 1907, which, we hold, is applicable to, and binding upon, the Municipal Court of Chicago. Rule 17 of the Municipal Court authorizes the practice.

Upon the merits of the case we have examined the

evidence in the record and we are of the opinion that it sustains the judgments rendered. We would not be justified in interfering with the verdict of the jury and the judgment. The judgment is affirmed.

*Affirmed.*